IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LAMB, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:24-cv-00280 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | **JURY DEMANDED** |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Jason Lamb, Plaintiff herein, files Plaintiff's Original Complaint against Defendant State Farm Lloyds, and, in support of his causes of action, Jason Lamb would respectfully show the Court the following:

## I.
## THE PARTIES

1. Plaintiff Jason Lamb is a citizen of the State of Texas residing at 1912 Robin Ln, Flower Mound, Denton County, Texas, which is his true, fixed and permanent home.

2. Defendant State Farm Lloyds ("State Farm") is an unincorporated insurance association organized under Chapter 941 of the Texas Insurance Code. For purposes of ascertaining whether the federal courts have diversity jurisdiction, an unincorporated association is considered to have the citizenship of its members.[1] State Farm's members consist of an association of underwriters. The current underwriters for State Farm are:

   o Mark Edward Schwamberger, an individual who is domiciled in Illinois.

---

[1] *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96, 110 S.Ct. 1015, 1021, 108 L.Ed.2d 157 (1990)).

1

- o   Wensley John Herbert, an individual who is domiciled in Illinois.

- o   Katinka Meijernik Bryson, an individual who is domiciled in Illinois.

- o   Michael James Arnold, an individual who is domiciled in Illinois.

- o   Kenneth Edward Heidrich, an individual who is domiciled in Illinois.

- o   Patricia Elizabeth Roark, an individual who is domiciled in Illinois.

- o   Kimberly Ann Sterling, an individual who is domiciled in Illinois.

- o   Deon Sherie Johnson, an individual who is domiciled in Illinois.

- o   Justin Michael Tipsord, an individual who is domiciled in Illinois.

- o   Sara Gay Frankowiak, an individual who is domiciled in Illinois.

- o   Craig Dean Issacs, an individual who is domiciled in Illinois.

- o   Michele Celeste Russo, an individual who is domiciled in Illinois.

State Farm may be served via certified mail return receipt requested via its registered agent for service in the state of Texas, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

## II.
## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction of this cause of action under 28 U.S.C. § 1332. Plaintiff's true, fixed, and permanent home is in Denton County, Texas. Therefore, Plaintiff is a citizen of Texas. Defendant consists of an association of underwriters, each of whom are domiciled in Illinois. Therefore, as Plaintiff is a citizen of Texas, and Defendant's underwriters are all citizens of Illinois, complete diversity exists. Plaintiff seeks damages in excess of $75,000. Specifically, Plaintiff seeks proceeds from his insurance policy in the amount of $60,963.63 plus attorneys' fees. Further, Plaintiff alleges Defendant knowingly committed the acts complained of

herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

4.  Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of Texas, Sherman Division. The property at issue in this cause is in the Eastern District of Texas, Sherman Division.

### III.
### FACTUAL BACKGROUND

5.  Jason Lamb ("Lamb" or "Plaintiff") is the named insured under a property insurance policy issued by State Farm identified as Policy 85E5K7977 ("Policy"). The Policy provided coverage for water damage to Lamb's property located at 1912 Robin Ln, Flower Mound, TX 75028 ("Property") for the term of the Policy during the time of the date of loss.

6.  A large and deepening longwave trough over Central and Eastern North America allowed for a strong Arctic airmass over Alaska and Canada to plunge southward across the Central and Eastern U.S. during December 22nd to December 25th, 2022. The cold weather event that occurred from December 22nd to December 25th, 2022, was precipitated by severe winter weather, commonly referred to as "Winter Storm Elliott." In parts of Texas during the event, temperatures stayed at or below freezing for extended periods. This included the Flower Mound area where the Property is located.

7.  In light of Winter Storm Elliott, the Property sustained significant water damage from a pipe bursting at the Property. The water damage necessitated water mitigation and resulted in damage to the front elevation, right elevation, siding, plumbing system, kitchen area, including the flooring and cabinetry and the carpeting in the living room (that continues into the family room). The claim was timely reported to State Farm. State Farm assigned Claim Number 4343T49OS to the claim. State Farm inspected the Property on January 11, 2023. This inspection,

3

under the required laws of the State of Texas and under the insurance contract drafted and prepared by State Farm, should have fully and comprehensively evaluated and identified all of the covered damages from the covered event, and then State Farm should have prepared a detailed estimate of that damage, applied the deductible, and timely paid Mr. Lamb.

8. To the contrary, the initial inspection by Tony Truitt of State Farm was woefully inadequate, failed to adequately evaluate the nature and scope of the damage, did not include adequate testing of the water damage, and necessitated numerous revisions by State Farm, itself, many months later. The estimate prepared by Tony Truitt on January 18, 2023 was for a paltry $572.68. This calculation was based on a Replacement Cost Value of only $3,991.39, less depreciation of $101.71 and the deductible of $3,317. There was no explanation given by State Farm as to why it did not fully scope the damage at that time or conduct a comprehensive evaluation.

9. On April 27, 2023, State Farm prepared a revised estimate calculating a revised net value of only $2,174.29. State Farm issued payment for only $1,601.61. State Farm gave no explanation why this amount was not issued earlier in compliance with statutory deadlines or still vastly under scoped the damages.

10. On May 29, 2023, State Farm issued payment for $2,369.29 but did not provide an explanation of the basis of the payment.

11. On June 19, 2023, **five months** after State Farm inspected the Property, Justin Durr of State Farm made numerous revisions to the estimate prepared by Truitt. Yet, even those revisions vastly under scoped the damages. On June 21, 2023, Justin Durr of State Farm wrote a letter to Mr. Lamb stating payment of $14,125.99 was being issued.  The Summary of Loss stated the new State Farm estimate was $18,751.29 and the mitigation was $1,060.99 for a total of only

$19,812.28. Thus, the net payment was based on $19,812.28 less the deductible of $3,317.00 and prior payments of $2,369.29. State Farm gave no explanation as to why it failed to address this damage earlier, what the delay was, or why this evaluation was still woefully inadequate to address the covered damages.

12. After more than a **six-month delay**, State Farm finally arrived at a Replacement Cost valuation of $21,551.05. This vastly under scoped the damages, including missing the water-damaged kitchen flooring and cabinetry. Despite the revisions to the estimate being inputted on June 19, 2023, the estimate was not completed until July 27, 2023. All of this investigation was done well past the statutory allotted deadlines under Texas law. Meanwhile, due to the inadequate investigation, inadequate scope of coverage, inadequate payment, and delays, the water and moisture levels insidiously invaded the Property, causing even more damage.

13. In light of the inadequacy of the investigation and failure to pay the covered damages and pay them timely, and, having no other choice, Lamb was forced to incur the time and expense associated with retaining a licensed public adjuster in the State of Texas. On July 19, 2023, Lamb retained J.R. Claims Consultants to seek the proper insurance benefits owed to Lamb relating to the subject claim. J.R. Claims Consultants submitted its letter of representation to State Farm on July 20, 2023.

14. On July 26, 2023, J.R. Claims Consultants conducted a comprehensive evaluation of the Property. On July 28, 2023, J.R. Claims Consultants prepared a detailed estimate using the Xactimate software. This estimate highlighted how inadequate and low ball the estimates from State Farm were. J.R. Claims Consultants found the replacement cost value was actually **$74,034.01.**

15. As part of their investigation, J.R. Claims Consultants observed significant water damage completely missed or intentionally omitted by State Farm's inadequate investigation. For instance, the water level beneath the kitchen floor was extremely high which necessitates removal and replacement of the flooring (and also the adjacent carpeting that runs into the family room):



Further, the kitchen cabinetry exhibited obvious water damage:



16. On August 29, 2023, Mr. Lamb executed a Proof of Loss documenting the Dwelling damages of $74,577.75, $1,505.28 in Other Structures damages, totaling an Actual Cash Value amount of $76,083.03. The Proof of Loss, in total, claimed $72,766.03 after application of the deductible of $3,317.00. This Proof of Loss, along with an estimate of the proper scope of damages, and a photograph report, including measurements of water moisture levels, were provided to State Farm on August 31, 2023. State Farm did not accept or reject the Proof of Loss within 60 days. State Farm simply ignored it, necessitating Lamb's public adjuster initiate a Complaint with the Texas Department of Insurance ("TDI") on August 31, 2023. Lamb's licensed public adjuster reiterated in his TDI Complaint that a copy of the certified insurance policy and all claim related documents requested of State Farm since July 20, 2023 had still not been provided by State Farm.

17. On December 1, 2023, Ju'Vette Gray of State Farm sent a Summary of Loss and estimate to Mr. Lamb contending State Farm adequately evaluated the loss and that payment would be issued in 7-10 business days. The Summary of Loss stated the Replacement Cost Value was $22,135.87 and that a net payment of $584.82 was forthcoming nearly a year after the loss. The estimate that was attached to Ms. Gray's correspondence in support of the payment was actually for an insured name Jon Forrester in Cincinnati, Ohio.

18. On December 7, 2023, Ju'Vette Gray of State Farm sent Mr. Lamb what purported to be an estimate of his covered losses from the claim. Instead, again Mr. Lamb was sent an estimate for another insured. This time the insured was named Ashley Tungland out of Minnesota.

19. On January 10, 2024, Lamb sent State Farm a statutory notice letter required under the Texas Insurance Code laying out the breaches of the insurance code and insurance policy on the part of State Farm.

20. On March 29, 2024, **over a year and two months after the loss was reported**, State Farm revised their evaluation yet again. This time State Farm determined the covered losses to be a Replacement Cost Value of $28,995.98. While this is still woefully short of the actual covered damages, it was **7.26** times State Farm's initial representation to Lamb of the covered damages.

21. State Farm, in partially denying the claim without conducting a reasonable investigation, did not spend enough time identifying the water damage, did no moisture reading evaluation, did not take any samples, failed to examine the areas where obvious water damage would be, did not consider adequate repair methodologies, and failed to timely pay the covered damages it did find were due and owing. State Farm represented it completed a reasonable investigation in accordance with Texas law and the Policy when it did not. The inadequacy of the

State Farm inspection and investigation is further evidenced by its failure to give Lamb an adequate explanation as to why State Farm failed to properly scope the water damage, misrepresented damages findings, did not timely pay, and misrepresented coverage.

22.     Although State Farm was aware of Lamb's clear and present water damage and the reported damage was covered by the Policy, State Farm decided the claim should be massively undervalued and underpaid without conducting a thorough and reasonable inspection of the damages. Ultimately, State Farm determined that the majority of damages were not covered under the Policy.

23.     State Farm, along with its personnel, failed to thoroughly review and properly oversee the work of the assigned claims representative and adjusters, Tony Truitt, Justin Durr, Hadassah Vacvqk, and Ju'Vette Gray, ultimately approving an improper adjustment of, and an inadequate and improper denial of Lamb's claim. State Farm misrepresented that Lamb's damages were not covered in large part, when the losses in fact were clearly covered causes of loss during the Policy's period. Specifically, State Farm represented to Lamb that the majority of the damage to the Property was not caused by a covered cause of loss within the Policy period without any proper investigation when, in fact, State Farm knew, or with a reasonable investigation should have known, that the cost of repairs to all the damages was a clear covered loss.

24.     Together, State Farm, Tony Truitt, Justin Durr, Hadassah Vacvqk, and Ju'Vette Gray set out to deny properly covered damages. Because of this unreasonable investigation and failure to provide proper coverage for the damages sustained, Lamb's claim was improperly adjusted, and Lamb was denied payment to fully repair the Property to its pre-loss condition. To this date, Lamb has yet to receive the majority of the payment under the insurance Policy.

## IV.
## CAUSES OF ACTION

25. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.  Breach of Contract**

26. State Farm had a contract of insurance with Plaintiff. State Farm breached the terms of that contract by wrongfully denying the claim, and Plaintiff was damaged thereby.

**B.  Prompt Payment of Claims Statute**

27. The failure of State Farm to pay for the loss and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

28. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to statutory interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.  Bad Faith/Deceptive Trade Practices Act ("DTPA")**

29. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

30. Defendant violated Section 541.051 of the Texas Insurance Code by:

   (1) making statements misrepresenting the terms and/or benefits of the Policy. As referenced above, State Farm mispresented coverage for water damage to the Property during the Policy period was a covered cause of loss and misrepresented to Lamb the coverage's terms.

31. Defendant violated Section 541.060 by:

   (1) misrepresenting to Plaintiff a material fact or Policy provision relating to coverage at issue;

   (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the insurer's denial of the claim or offer of compromise settlements of the claim;

(4) failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim. As referenced above, State Farm failed to meet its statutory timelines governed by the Texas Insurance Code, failed to respond to multiple requests for information, failed to disclose information it relied on in its investigation, failed to conduct testing of the damage, and failed to allocate damage occurring during the Policy.

32. Defendant violated Section 541.061 by:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made; and

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. As referenced herein, Defendant misrepresented water damage that occurred during the Policy was not a covered loss and failed to provide requested information used to render its claim decision, and claimed the damage was not caused by a covered cause of loss without conducting a reasonable investigation.

33. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

34. Defendant has violated the Texas DTPA in the following respects:

    (1) Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

    (2) State Farm failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed; and

    (3) State Farm, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that State Farm took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

35. Defendant knowingly committed the acts complained of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.     Breach of the Duty of Good Faith and Fair Dealing**

36. Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiff.

37. Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant State Farm knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## V.
## KNOWLEDGE

38. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

**E.  Attorneys' Fees**

39. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

40. Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because Plaintiff is represented by an attorney and presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

41. Plaintiff further prays that Plaintiff be awarded all reasonable attorneys' fees incurred in prosecuting Plaintiff's causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VI.
## CONDITIONS PRECEDENT

42. All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

## VII.
## JURY DEMAND AND PRAYER

43. Plaintiff requests that a jury be convened to try the factual issues of this case.

44. WHEREFORE, PREMISES CONSIDERED, Jason Lamb prays that, upon final hearing of the case, he recovers all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Jason Lamb be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Jason Lamb may show himself to be justly entitled.

Respectfully submitted,

*/s/ Christopher P. Peirce*
Jeffrey T. Embry
Bar Number: 24002052
Margaret C. Pennell
Bar Number: 24116893
Hossley Embry, LLP
515 S. Vine Ave.
Tyler, Texas 75702
Telephone No.  903-526-1772
Telecopier No.  903-526-1773
jeff@hossleyembry.com
meg@hossleyembry.com
AND

Christopher P. Peirce
Bar Number: 24041509
Hossley Embry, LLP
14241 Dallas Pkwy, Suite 240
Dallas, Texas 75254
Telephone No. 214-390-2349
cpeirce@hossleyembry.com

**ATTORNEYS FOR PLAINTIFF**