**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JASON LAMB,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.:** |
| | § | **4:24-cv-00280-SDJ-AGD** |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant State Farm Lloyds files this Answer to Plaintiff's Original Complaint. Without waiving any of the defenses under the policy of insurance under which Plaintiff purports to be claiming in this lawsuit and still insisting upon any and all policy conditions, exclusions, and other policy terms now or later arising, State Farm Lloyds respectfully shows:

The introductory paragraph of Plaintiff's Original Complaint does not warrant a response, but Defendant denies Plaintiff is entitled to any of the relief sought by way of this lawsuit.

## I.
## PARTIES

1.      Upon information and belief, Defendant admits Paragraph No. 1 of Plaintiff's Original Complaint.

2.      As to Paragraph No. 2 of Plaintiff's Original Complaint, Defendant admits that it is an unincorporated association of underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code. At the time this action was commenced, the underwriters were and still are citizens of Illinois and/or Arizona for diversity purposes. Defendant admits that it has been served and answered this lawsuit. Defendant otherwise denies all other allegations in Paragraph 2.

**II.**
**JURISDICTION AND VENUE**

3.      As to Paragraph 3 of Plaintiff's Original Complaint, Defendant admits that this

Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 as complete diversity

of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive

of interest and costs. Defendant denies that Plaintiff is entitled to any of the relief sought by way

of this lawsuit. Defendant admits that it is an unincorporated association of underwriters authorized

to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the

Texas Insurance Code. At the time this action was commenced, the underwriters were and still are

citizens of Illinois and/or Arizona for diversity purposes. Defendant otherwise denies all other

allegations in Paragraph 3, and specifically denies that Plaintiff is entitled to exemplary and/or

treble damages.

4.      As to Paragraph No. 4 of Plaintiff's Original Complaint, Defendant admits that

venue is proper in this district and division under 28 U.S.C. § 1441(a) because this district and

division embrace the place in which the removed action was pending, County Court at Law No. 1,

Collin County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly

occurred in that district.

**III.**
**FACTUAL BACKGROUND**

5.      As to Paragraph 5 of Plaintiff's Original Complaint, Defendant admits that it issued

Policy No. 85E5K7977 (the "Policy") to Plaintiff for residential property located at 1912 Robin

Lane, Flower Mound, Texas 75028, and that the policy was in effect from July 22, 2022 to July

22, 2023. Defendant otherwise denies the allegations in in Paragraph 5.

6.      As to Paragraph 6 of Plaintiff's Original Complaint, Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 6, and thus denies those allegations.

7.      As to Paragraph 7 of Plaintiff's Original Complaint, Defendant admits Plaintiff submitted a claim to Defendant under the Policy for damage allegedly sustained by Plaintiff's property, and that Defendant assigned claim number 43-43T4-90S. The remaining allegations in Paragraph 7 are legal conclusions and argument, to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in in Paragraph 7.

8.      As to Paragraph 8 of Plaintiff's Original Complaint, Defendant admits Plaintiff submitted a claim to Defendant under the Policy for damage allegedly sustained by Plaintiff's property, and that Defendant assigned claim number 43-43T4-90S, and conducted an investigation, including inspecting the property, completing estimates and issuing payments. Defendant otherwise denies the allegations in Paragraph 8.

9.      As to Paragraph 9 of Plaintiff's Original Complaint, Defendant admits Plaintiff submitted a claim to Defendant under the Policy for damage allegedly sustained by Plaintiff's property, and that Defendant assigned claim number 43-43T4-90S, and conducted an investigation, including inspecting the property, completing estimates and issuing payments. The remaining allegations in Paragraph 9 are legal conclusions and argument, to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 9.

10.     As to Paragraph 10 of Plaintiff's Original Complaint, Defendant admits Plaintiff submitted a claim to Defendant under the Policy for damage allegedly sustained by Plaintiff's property, and that Defendant assigned claim number 43-43T4-90S, and conducted an

investigation, including inspecting the property, completing estimates and issuing payments. Defendant otherwise denies the allegations in Paragraph 10.

11.     As to Paragraph 11 of Plaintiff's Original Complaint, Defendant admits Plaintiff submitted a claim to Defendant under the Policy for damage allegedly sustained by Plaintiff's property, and that Defendant assigned claim number 43-43T4-90S, and conducted an investigation, including inspecting the property, completing estimates and issuing payments. The remaining allegations in Paragraph 11 are legal conclusions and argument, to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 11.

12.     As to Paragraph 12 of Plaintiff's Original Complaint, Defendant admits only that Plaintiff submitted a claim to Defendant under the Policy for damage allegedly sustained by Plaintiff's property, and that Defendant assigned claim number 43-43T4-90S, and conducted an investigation, including inspecting the property, completing estimates and issuing payments. The remaining allegations in Paragraph 12 are legal conclusions and argument, to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 12.

13.     As to Paragraph 13 of Plaintiff's Original Complaint, Defendant admits that Plaintiff retained a public adjuster, and that the public adjuster sent correspondence to Defendant in connection with Plaintiff's claim. The remaining allegations in Paragraph 13 are legal conclusions and argument, to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 13.

14.     As to Paragraph 14 of Plaintiff's Original Complaint, Defendant admits that Plaintiff retained a public adjuster, and that the public adjuster sent correspondence to Defendant

in connection with Plaintiff's claim. The remaining allegations in Paragraph 14 are legal conclusions and argument, to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 14.

15.      As to Paragraph 15 of Plaintiff's Original Complaint, Defendant admits that Plaintiff retained a public adjuster, and that the public adjuster sent correspondence to Defendant in connection with Plaintiff's claim. The remaining allegations in Paragraph 15 are legal conclusions and argument, to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 15.

16.      As to Paragraph 16 of Plaintiff's Original Complaint, Defendant admits that Plaintiff retained a public adjuster, and that the public adjuster sent correspondence to Defendant in connection with Plaintiff's claim, including a document purporting to be a proof of loss. The remaining allegations in Paragraph 16 are legal conclusions and argument, to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 16.

17.      As to Paragraph 17 of Plaintiff's Original Complaint, Defendant admits only that Plaintiff submitted a claim to Defendant under the Policy for damage allegedly sustained by Plaintiff's property, and that Defendant assigned claim number 43-43T4-90S, and conducted an investigation, including inspecting the property, completing estimates and issuing payments. The remaining allegations in Paragraph 17 are legal conclusions and argument, to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 17.

18.      As to Paragraph 18 of Plaintiff's Original Complaint, Defendant admits only that Plaintiff submitted a claim to Defendant under the Policy for damage allegedly sustained by

Plaintiff's property, and that Defendant assigned claim number 43-43T4-90S, and conducted an investigation, including inspecting the property, completing estimates and issuing payments. The remaining allegations in Paragraph 18 are legal conclusions and argument, to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 18.

19.     As to Paragraph 19 of Plaintiff's Original Complaint, Defendant admits that it received correspondence from Plaintiff dated January 10, 2024. The remaining allegations in Paragraph 19 are legal conclusions and argument, to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 19.

20.     As to Paragraph 20 of Plaintiff's Original Complaint, Defendant admits only that Plaintiff submitted a claim to Defendant under the Policy for damage allegedly sustained by Plaintiff's property, and that Defendant assigned claim number 43-43T4-90S, and conducted an investigation, including inspecting the property, completing estimates and issuing payments. The remaining allegations in Paragraph 20 are legal conclusions and argument, to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 20.

21.     The allegations in Paragraph 21 of Plaintiff's Original Complaint are legal conclusions and argument, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 21.

22.     The allegations in Paragraph 22 of Plaintiff's Original Complaint are legal conclusions and argument, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 22.

23.     The allegations in Paragraph 23 of Plaintiff's Original Complaint are legal conclusions and argument, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 23.

24.     The allegations in Paragraph 24 of Plaintiff's Original Complaint are legal conclusions and argument, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 24.

## IV.
## CAUSES OF ACTION

25.     Paragraph 25 of Plaintiff's Original Complaint incorporates the preceding paragraphs of Plaintiff's Original Complaint and warrants no response. To the extent a response is required, Defendant incorporates its responses to Paragraphs 1-24 of Plaintiff's Original Complaint as if the same were fully set forth herein.

### A.     Breach of Contract

26.     The allegations in Paragraph 26 of Plaintiff's Original Complaint are legal conclusions and argument, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 26. Defendant specifically denies that Plaintiff is entitled to any of the relief sought by way of this lawsuit.

### B.     Prompt Payment of Claims Statute

27.     The allegations in Paragraph 27 of Plaintiff's Original Complaint are legal conclusions and argument, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 27. Defendant specifically denies that Plaintiff is entitled to any of the relief sought by way of this lawsuit.

28.     The allegations of Paragraph 28 of Plaintiff's Original Complaint are legal conclusions and arguments to which no response is required. To the extent a response is required,

Defendant denies the allegations in Paragraph 28. Defendant specifically denies that Plaintiff is entitled to any of the relief sought by way of this lawsuit.

**C.    Bad Faith/Deceptive Trade Practices Act ("DTPA")**

29.    The allegations of Paragraph 29 of Plaintiff's Original Complaint are legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 29.

30.    The allegations of Paragraph 30 of Plaintiff's Original Complaint, including the allegations contained in subparagraph (1), are legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 30, including the allegations contained in subparagraph (1).

31.    The allegations of Paragraph 31 of Plaintiff's Original Complaint including the allegations contained in subparagraphs (1), (2), (3), (4), and (5), are legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 31, including the allegations contained in subparagraphs (1), (2), (3), (4), and (5).

32.    The allegations of Paragraph 32 of Plaintiff's Original Complaint, including the allegations contained in subparagraphs (1), (2), and (3), are legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 32, including the allegations contained in subparagraphs (1), (2), and (3).

33.    The allegations of Paragraph 33 of Plaintiff's Original Complaint are legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 33.

34.     The allegations of Paragraph 34 of Plaintiff's Original Complaint, including the allegations contained in subparagraphs (1), (2), and (3), are legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 34, including the allegations contained in subparagraphs (1), (2), and (3).

35.     The allegations of Paragraph 35 of Plaintiff's Original Complaint are legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 35. Defendant specifically denies that Plaintiff is entitled to any of the relief sought by way of this lawsuit.

**D.     Breach of the Duty of Good Faith and Fair Dealing**

36.     The allegations in Paragraph 36 of Plaintiff's Original Complaint are legal conclusions and argument, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 36.

37.     The allegations of Paragraph 37 of Plaintiff's Original Complaint are legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 37.

## V.
## KNOWLEDGE

38.     The allegations of Paragraph 38 of Plaintiff's Original Complaint are legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 38.

**E.     Attorney's Fees**

39.     The allegations of Paragraph 39 of Plaintiff's Original Complaint are legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 39.

40.     The allegations of Paragraph 40 of Plaintiff's Original Complaint are legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 40. Defendant specifically denies that Plaintiff is entitled to any of the relief sought by way of this lawsuit.

41.     The allegations of Paragraph 41 of Plaintiff's Original Complaint are legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 41. Defendant specifically denies that Plaintiff is entitled to any of the relief sought by way of this lawsuit.

## VI.
## CONDITIONS PRECEDENT

42.     The allegations of Paragraph 42 of Plaintiff's Original Complaint are legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 42. Defendant specifically denies that Plaintiff is entitled to any of the relief sought by way of this lawsuit.

## VII.
## PRAYER

43.     Paragraph 43 is Plaintiff's jury demand, to which no response is required.

44.     Defendant denies that Plaintiff is entitled to any of the relief sought by way of this lawsuit, as set forth in the Prayer of Plaintiff's Original Complaint.

## DEFENDANTS SPECIFIC DENIALS AND
## AFFIRMATIVE DEFENSES DEFENSES

45.     Defendant specifically denies that Plaintiff has complied with all conditions precedent to coverage under the insurance policy contract pursuant to which Plaintiff has presented the insurance claim made the basis of this action and that Plaintiff has complied with all conditions precedent to bringing this cause of action. Pursuant to the following provisions of the Policy,

Plaintiff's claims are barred by his failure to comply with the following policy conditions in the event that Defendant was prejudiced by that failure:

**SECTION I – CONDITIONS**

\*        \*        \*

**Your Duties After Loss.** After a loss to which this insurance may apply, *you* must cooperate with *us* in the investigation of the claim and also see that the following duties are performed:

a.        give prompt notice to *us* or *our* agent . . . ;

b.        protect the property from further damage or loss and also:

(1) make reasonable and necessary temporary repairs required to protect the property; and
(2) keep an accurate record of repair expenses;

c.        prepare an inventory of damaged or stolen property:

(1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and
(2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;

d.        as often as *we* reasonably require:

(1) exhibit the damaged property;
(2) provide *us* with any requested records and documents and allow *us* to make copies . . .

e.        submit to *us*, within 91 days after *our* request, *your* signed, sworn proof of loss that sets forth, to the best of *your* knowledge and belief:

(1) the time and cause of loss;

(2) interest of the *insured* and all others in the property involved and all encumbrances on the property;

(3) other insurance that may cover the loss;

(4) changes in title or occupancy of the property during the term of this policy;

(5) specifications of any damaged structure and detailed estimates for repair of the damage;

(6) an inventory of damaged or stolen personal property described in 2.c;

(7) receipts for additional living expenses incurred . . .

\*     \*     \*

**Suit Against Us.** No suit or action can be brought unless:

a.      there has been compliance with the policy provisions . . .

\*     \*     \*

51.      Defendant specifically denies that it violated any of the Texas Insurance Code or Deceptive Trade Practices Act provisions alleged by Plaintiff, and that any of its alleged actions or omissions concerning Plaintiff's claim, which Defendant denies, were done knowingly, intentionally, or in bad faith.

46.      **POLICY TERMS, CONDITIONS AND LIMITS.** Any recovery will be subject to the policy limits and policy terms, conditions, exclusions, and limitations.

47.      **DEDUCTIBLE.** Any recovery will be subject to the amount of the applicable deductible within the insurance policy.

48.      **DAMAGES AND LOSS CAUSED BY SOMETHING OTHER THAN THE ALLEGED STORM AT ISSUE IN THIS CASE.** Plaintiff's claims are barred, in whole or in part, to the extent the damages and losses alleged in Plaintiff's Original Complaint, none being admitted, pre-existed or post-dated the alleged date of loss.

49.      **CONCURRENT CAUSATION.** Defendant asserts the defense of concurrent causation. Under the doctrine of concurrent causes, an insured's recovery is limited to the amount

of damage caused by a covered peril.[1] In other words, when a loss is caused by covered and non-covered perils, the insured may recover only that portion of the damage caused solely by the covered peril.[2] Because the insured is required to prove that the damage is covered by the policy, which in this case has an applicable policy period of July 22. 2022 to July 22, 2023, the burden of segregating the damage attributable solely to the covered peril from the damage attributable to a non-covered peril is a coverage issue on which the insured bears the burden of proof.[3]

50.     **COVERAGE IS LIMITED TO SUDDEN AND ACCIDENTAL DIRECT PHYSICAL LOSS COVERED UNDER THE POLICY DURING THE APPLICABLE POLICY PERIOD**. Pursuant to the following provision of the Policy, coverage is limited to accidental direct physical loss:

**SECTION I – LOSSES INSURED**

**COVERAGE A - DWELLING**

*We* will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy. Accidental means happening by chance, unexpectedly, and/or unintended from *your* standpoint. However, loss does not include and *we* will not pay for, any *diminution in value*.

\*        \*        \*

There is no coverage for the repair or replacement of undamaged property since there is no accidental direct physical loss caused by a covered cause of loss.

51.     **LOSSES NOT INSURED.** Pursuant to the following provisions of the Policy, the following losses do not come within the Policy's coverage:

**SECTION I – LOSSES NOT INSURED**

---

[1]  *Wallis v. United Servs. Automobile Ass'n*, 2 S.W.3d 300, 302-03 (Tex. App.—San Antonio 1999, pet. denied).
[2]  *Hamilton Properties v. The American Insurance Co.,* 2014 WL 3055801, CA 3:12–CV–5046–B (July 7, 2014) (Boyle, J.); *Travelers Indem. Co. v. McKillip*, 469 S.W.2d 160, 163 (Tex. 1971); *Wallis*, 2 S.W.3d at 303.
[3]  *Hamilton,* 2014 WL at *4; *Wallis*, 2 S.W.3d at 303 n.5.

*We* will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

a.   collapse . . . ;

b.   freezing of a plumbing, heating, air conditioning, or automatic fire protective sprinkler system or of a household appliance; or discharge, leakage, or overflow from within the system or appliance caused by freezing. This does not apply if *you* have used reasonable care to:

  (1) maintain heat in the *building structure* at 55 degrees Fahrenheit or higher; or
  (2) shut off the water supply and drain the system and appliances of water . . .

c.   freezing, thawing, pressure, or weight of water, ice, snow, or sleet, whether driven by wind or not, to:

  (1) a swimming pool, hot tub, or spa, including their covers, filtration, and circulation systems; or

  (2) an awning, fence, pavement, patio, foundation (including slabs, basement walls, crawl space walls, and footings), retaining wall, bulkhead, pier, wharf, or dock . . .

f.   seepage or leakage of water, steam, or sewage that occurs or develops over a period of time:

  (1) and is:
    (a) continuous;
    (b) repeating;
    (c) gradual;
    (d) intermittent;
    (e) slow; or
    (f) trickling; and
  (2) from a:
    (a) heating, air condition, or automatic fire protective sprinkler system;
    (b) household appliance; or
    (c) plumbing system, including from within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors.

*We* also will not pay for losses arising from condensation or the presence of humidity, moisture, or vapor that occurs or develops over a period of time;

g.   wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown;

h.   corrosion, electrolysis, or rust;

* * *

j.   contamination or pollution, meaning the presence, discharge, dispersal, seepage, migration, release, or escape of contaminants or pollutants at or from any source . . .

k.   settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs, or ceilings;

*       *       *

*We* will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events . . .

a.   **Ordinance or Law**, meaning enforcement of any ordinance or law regulating the construction, repair, or demolition of a ***building structure*** or other structure;

b.   **Earth Movement**, meaning the sinking, rising, shifting, expanding, or contracting of earth, all regardless of whether combined with water, sewage, or any material carried by, or otherwise moved by the earth. Earth movement includes but is not limited to:

> (1) earthquake;
> (2) landslide, mudslide, or mudflow;
> (3) sinkhole or subsidence;
> (4) movement resulting from:
> > (a) improper compaction;
> > (b) site selection;
> > (c) natural resource extraction activities; or
> > (d) excavation;
> (5) erosion;
> (6) pressure by surface or subsurface earth or fill; or
> (7) any volcanic activity . . .

c.   **Water**, meaning:

> (1) flood;

(2) surface water . . .

(7) water or sewage from outside the ***residence premises*** plumbing system that enters through sewers or drain, or water or sewage that enters into and overflows from within a sump pump, sump pump well, or any other system designed to remove subsurface water that is drained from the foundation area;

(8) water or sewage below the surface of the ground, including water or seepage that exerts pressure on, or seeps or leaks through a ***building structure***, sidewalk, driveway, swimming pool, or other structure; or

(9) material carried or otherwise moved by any of the water or sewage, as described in items c.(1) through c.(8) . . .

d. **Neglect**, meaning neglect of the ***insured*** to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered . . .

\*        \*        \*

g. **Fungus**, including:

(1) any loss of use or delay in rebuilding, repairing, or replacing covered property, including any associated cost or expense, due to interference at the ***residence premises*** or location of the rebuilding, repair, or replacement, by ***fungus***;

(2) any remediation of ***fungus***, including the cost to:

(a) remove the ***fungus*** from covered property or to repair, restore, or replace that property; or

(b) tear out and replace any part of the ***building structure*** or other property as needed to gain access to the ***fungus***; or

(3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence, or level of ***fungus***, whether performed prior to, during, or after removal, repair, restoration, or replacement of covered property . . .

\*        \*        \*

***We*** will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, we will not pay for any loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

a. conduct, act, failure to act, or decision of any person, group, organization, or governmental body whether intentional, wrongful, negligent, or without fault;

b. defect, weakness, inadequacy, fault, or unsoundness in:

(1) planning, zoning, development, surveying, or siting;

(2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

(3) materials used in repair, construction, renovation, remodeling, grading, or compaction; or

(4) maintenance . . .

52. **CONTRIBUTORY NEGLIGENCE AND COMPARATIVE FAULT**. Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory negligence and comparative fault.

53. **DUE PROCESS.** To the extent Plaintiff seeks punitive damages, Defendant invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution. Defendant affirmatively pleads that Plaintiff's pleading of punitive and/or exemplary damages violates the due process clauses of the Fifth and Fourteenth Amendments.

54. **PUNITIVE DAMAGES IMPROPER AND SUBJECT TO LIMITATIONS.** To the extent Plaintiff seeks punitive damages against Defendant, assessment of punitive damages is improper because Plaintiff failed to plead any predicate authorizing the recovery of punitive damages. Plaintiff is unable to establish, by credible evidence meeting the requisite standard of proof, that Defendant was actually aware of any harm which Plaintiff alleges to have sustained as a result of the handling of Plaintiff's insurance claim; therefore, Plaintiff is not entitled to any alleged exemplary or punitive damages because Plaintiff is unable to prove that Defendant was actually aware of an extreme risk resulting from the handling of Plaintiff's claim. Further, Plaintiff is unable to establish, by clear and convincing evidence, that Defendant acted with malice; therefore, under section 41.001(7) of the Texas Civil Practice and Remedies Code, Plaintiff is not entitled to any supposed exemplary or punitive damages that Plaintiff alleges in this lawsuit. Further, any award of punitive damages must be limited to the greater of: (1) two times the amount

of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code Section 41.002-41.009.

55. **TEXAS INSURANCE CODE AND DECEPTIVE TRADE PRACTICES ACT.** Plaintiff's claims under the Texas Insurance Code and the Deceptive Trade Practices Act are barred because, among other things, (a) Defendant did not breach the insurance policy under which Plaintiff purports to claim benefits in this lawsuit; (b) Plaintiff has not sustained any damages independent of Plaintiff's alleged breach-of-contract theory; (c) the handling and investigation of Plaintiff's insurance claim was reasonable; (d) any alleged liability for Plaintiff's insurance claim did not become and is not reasonably clear; and (e) there is a bona fide coverage dispute concerning Plaintiff's insurance claim and the policy of insurance under which Plaintiff purports to claim benefits in this lawsuit. Defendant had a reasonable basis for its conduct based upon its claim investigation. A mere bona fide coverage dispute does not constitute a breach of any duty of good faith and fair dealing to any extent alleged by Plaintiff in this lawsuit. Moreover, a bona fide controversy exists in the valuation of Plaintiff's claim and liability, if any, under the contract. Therefore Plaintiff's extra-contractual causes of action are precluded.

56. **LACK OF COVERAGE PRECLUDES EXTRA-CONTRACTUAL LIABILITY.** The existence of coverage and/or compensable damage for Plaintiff's underlying insurance claim is mandatory to establish the basis of Plaintiff's claims under the Texas Insurance Code, the Deceptive Trade Practices Act and the common law. Because Plaintiff's allegations are generally based upon Defendant's alleged failure to pay policy benefits, and differences in price and scope or repairs to the property at issue, the absence of coverage for many portions of

Plaintiff's underlying insurance claim precludes Plaintiff's Insurance Code and extra-contractual claims against Defendant arising out of those allegations.

57.     **EXCESSIVE DEMAND DOCTRINE.** Plaintiff's claim for recovery of their alleged attorneys' fees is barred in whole or in part, or is subject to limitation or reduction, pursuant to the excessive demand doctrine.[4]

58.     **CREDIT/OFFSET.** Defendant is entitled to a credit or offset against Plaintiff's damages, if any, in the amount of Plaintiff's deductible and any prior sums paid by Defendant.

59.     **ACCORD AND SATISFACTION.** Plaintiff's claims are barred by the doctrine of accord and satisfaction.

60.     **PAYMENT.** Plaintiff's claims are barred by the doctrine of payment. Defendant issued complete payments to Plaintiff for repair and/or replacement of their property allegedly damaged by the covered perils at issue.

61.     **FAILURE TO STATE A CLAIM.** Plaintiff's extra-contractual claims are barred in whole or in part because they have failed to assert a claim on which relief may be granted. Fed. R. Civ. Pro. 12.

62.     **FAILURE TO MITIGATE.** Plaintiff's claims are barred to the extent Plaintiff failed to mitigate his damages.

63.     **LOSS SETTLEMENT PROVISION/CONDITION: REPLACEMENT COST BENEFITS.** Under the insuring agreement, Plaintiff must first repair or replace the damaged property to recover replacement cost benefits. Plaintiff lacks proof of completed repairs or replacement of any covered property damage connected with their insurance claim. As such,

---

[4]     *See, e.g., Triton 88, L.P. v. Star Elec., L.L.C.*, 411 S.W.3d 42, 65 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citations omitted).

Plaintiff's recovery in this case, if any, is currently limited to the actual cash value of the covered property damage.

64.     Defendant has not knowingly or voluntarily waived any applicable affirmative defense, and reserves its right to assert and rely upon such other applicable affirmative defenses as may become available or apparent during the course of this action.

## **PRAYER**

65.     For these reasons, Defendant State Farm Lloyds prays that, upon final trial and hearing of this lawsuit, Plaintiff take nothing and that Defendant recover its costs, fees, and expenses, and for such other and further relief to which Defendant may show itself justly entitled, both in law and at equity.

Respectfully submitted,

/s/ Susan E. Egeland
SUSAN E. EGELAND
State Bar No. 24040854
susan.egeland@faegredrinker.com
MATTHEW C. SAPP
State Bar No. 24063563
matt.sapp@faegredrinker.com
ERIN M. TURNER
State Bar No. NJ021242002
Erin.turner@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Ave., Suite 1700
Dallas, Texas 75201
(469) 357-2533
(469) 327-0860 (fax)
**ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure April 30, 2024.

/s/ Susan E. Egeland
SUSAN E. EGELAND